IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gaylan Flottemesch, | ) | |
| | ) | C.A. No. 6:24-1737-HMH-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Phillip S. Jones, All other parties, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and District of South Carolina Local Civil Rule 73.02.  Plaintiff, proceeding pro se, brings this 42 U.S.C. § 1983 action claiming that Defendants violated her Fourth Amendment rights.  Plaintiff's claims arise from her arrest and detention on charges of first-degree domestic violence and possessing a weapon during a violent crime.  In his Report and Recommendation issued on June 21, 2024, Magistrate Judge McDonald recommends dismissing some of Plaintiff's claims without prejudice as barred by Heck v. Humphrey, 512 U.S. 477 (1994), and the remainder of her claims with prejudice.  (R&R 7, ECF No. 36.)

Plaintiff filed timely objections to the Report and Recommendation.  Objections to a report and recommendation must be specific.  A report and recommendation carries no "presumptive weight," and the responsibility for making a final determination remains with the court.  Mathews v. Weber, 423 U.S. 261, 271 (1976).  The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions."  28 U.S.C. § 636(b)(1).  "To trigger de novo review, an

1

objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the court reviews only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Upon review, it appears that Plaintiff has waived de novo review of the Report and Recommendation by not specifically objecting to the substance of the magistrate judge's findings or conclusions. However, out of an abundance of caution, the court will briefly address the merits of her Fourth Amendment claim. Plaintiff was arrested pursuant to a warrant, so the court construes her claim as one for malicious prosecution rather than false arrest. See Smith v. Munday, 848 F.3d 248, 257 (4th Cir. 2017) ("A claim for false arrest alleges that a warrantless arrest lacked probable cause; a claim for malicious prosecution alleges that an arrest made pursuant to a warrant lacked probable cause."). "To maintain that Fourth Amendment claim under §1983, [Plaintiff] . . . must demonstrate, among other things, that [s]he obtained a favorable termination of the underlying criminal prosecution." Thompson v. Clark, 596 U.S. 36, 39 (2022).

As outlined above, Plaintiff was initially charged with first-degree domestic violence and possession of a weapon during the commission of a violent crime. See S.C. Code Ann. §§ 16-25-20(B) and 16-23-490. State court records reveal that Plaintiff later pled guilty to a lesser-included offense of the domestic-violence charge in exchange for dismissal of the possession-of-

a-weapon charge.[1] See Greenville Cnty. 13th Jud. Cir. Pub. Index, https://www2.greenvillecounty.org/scjd/publicindex/ (search case numbers 2023A2330206604 and 2023A2330206605) (last visited July 24, 2024). Because these charges "are related and arise from the same course of conduct," Grainger v. Buckhannon, No. 8:22-cv-00354-JMC, 2022 WL 2168079, at *3 n.4 (D.S.C. June 15, 2022) (unpublished), Plaintiff cannot allege the favorable-termination element of her Fourth Amendment claim – i.e., that her "prosecution ended without a conviction," Thompson, 596 U.S. at 39; see also Burnam v. Weld Cnty. Sheriffs, No. 23-cv-00151-NYW-NRN, 2024 WL 1051949, at *11 (D. Colo. Mar. 11, 2024) (unpublished) (collecting cases and stating that the post-Thompson "weight of authority" indicates that a criminal defendant who "agrees to plead guilty to some charges in exchange for the dismissal of others" cannot establish favorable termination).

Based on the foregoing, the court adopts Magistrate Judge McDonald's Report and Recommendation to the extent it is consistent with this order and incorporates it herein.

It is therefore

---

[1] In evaluating the sufficiency of Plaintiff's complaint, the court "may properly take judicial notice of matters of public record." Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). "[T]he most frequent use of judicial notice . . . is in noticing the content of court records." Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236 (4th Cir. 1989) (internal quotation marks omitted).

**ORDERED** that this action is dismissed with prejudice, without further leave to amend, and without issuance and service of process.[2]

    **IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.<br>
Senior United States District Judge

Greenville, South Carolina
July 29, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Dismissal is based on Plaintiff's failure to plead an essential element of her malicious-prosecution claim. The court does not address the closely related, yet distinct, issue of whether Heck acts as a complete bar to her § 1983 suit.